86 F.3d 1160
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Plaintiff-Appellee,
v.
James B. McDOUGAL; Jim Guy Tucker; Susan H. McDougal; Defendants,
RADIO-TELEVISION NEWS DIRECTORS ASSOCIATION; Capitol
Cities/American Broadcasting Companies, Inc.;
Cable News Network, Inc.; National
Broadcasting Company, Inc.;
CBS, Inc., Movants-Appellants.
 No. 96-2236.
 United States Court of Appeals, Eighth Circuit.
 Submitted May 16, 1996.
Filed May 17, 1996.
 
 Before FAGG, BOWMAN, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 On May 10, 1996, we entered an order granting appellants' petition for expedited review of the District Court's ruling on appellants' motion for access to the videotape of the deposition of President William Jefferson Clinton. Pursuant to that order, we have received a joint brief from the defendants in the underlying criminal case and a brief from the Department of Justice, representing the President in his official capacity, all in opposition to appellants' request for the immediate unsealing of the videotape of President Clinton's deposition. The Office of Independent Counsel has responded by informing the Court that it takes no position with regard to the merits of appellants' motion, and appellants have filed a reply brief.
 
 
 2
 The briefing that we have received addresses our jurisdiction as well as the merits of appellants' motion. Having now given careful consideration to the jurisdictional question, we conclude that the District Court has not yet entered a final, appealable order either granting or denying appellants' motion. Instead, the District Court merely has entered a scheduling order calling for briefing on the merits of the request for access to the videotaped deposition, and has denied appellants' motion for reconsideration of that scheduling order. Because the District Court has not yet made its ruling on the merits of appellants' motion for access to the videotape, this appeal is premature and is dismissed, without prejudice, for lack of present appellate jurisdiction. Similarly, we decline appellants' invitation to treat their petition for review by this Court as a petition for a writ of mandamus. Moreover, even if we were to treat the petition for review as a petition for a writ of mandamus, we are satisfied that at this juncture appellants' showing is insufficient to warrant relief under the strict standards that govern our authority to issue extraordinary writs.
 
 
 3
 We note that the videotaped deposition of President Clinton was played for the jury in open court on May 9, 1996 and that on May 16, 1996 the government's case against the McDougals and Governor Tucker was submitted to the jury. With the trial now over, and with all the interested parties having furnished full briefing to this Court on the merits of appellants' motion for access to the videotape, we anticipate that the District Court will be able to expedite its final ruling on that motion, and we would urge the District Court to do so. We agree with appellants that they are entitled to a prompt decision on their motion for access. When the District Court enters its order either granting or denying appellants' motion, an appeal then will lie to this Court pursuant to 28 U.S.C. SS 1291. See In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569 (8th Cir.1988).